# Exhibit A

*4-14-11   /0509*

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TIME WARNER NY CABLE LLC d/b/a TIME WARNER
ENTERTAINMENT ADVANCE/NEWHOUSE PARTNERSHIP

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN WAINE-GOLSTON and ANDRE CORBIN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2011 APR -7 PM 3: 29

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2011-00089206-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin D. Sullivan, Sullivan & Christiani, LLP; 2330 Third Avenue, San Diego, CA 92101; (619) 702-6760

| | | | |
|---|---|---|---|
| DATE: APR 0 7 2011<br>*(Fecha)* | Clerk, by A. GUTIERREZ<br>*(Secretario)* | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Time Warner NY Cable LLC d/b/a Time Warner Entertainment Advance/Newhouse Partnership

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☒ other *(specify):* Corp. Code §17061 (limited liability company)
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS
EXHIBIT A-13

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin D. Sullivan [CSB 270345]<br>Eric K. Yaeckel [CSB 274608]<br>Sullivan & Christiani, LLP<br>2330 Third Ave., San Diego, CA 92101<br>TELEPHONE NO.: (619) 702-6760.  FAX NO.: (619) 702-6761<br>ATTORNEY FOR *(Name):* Plaintiffs KEVIN WAINE-GOLSTON, et al. | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego 92101<br>BRANCH NAME: Hall of Justice | FILED<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIV SD<br><br>2011 APR -7 PM 3: 30<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY |

CASE NAME:
Waine-Golston, et al. v. Time Warner NY Cable LLC, et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2011-00089206-CU-OE-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 7, 2011

Kevin D. Sullivan
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET
EXHIBIT A-14

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  Kevin D. Sullivan [CSB No. 270343]
   Eric K. Yaeckel [CSB No. 274608]
2  SULLIVAN & CHRISTIANI, LLP
   2330 Third Avenue
3  San Diego, California 92101
   (619) 702-6760 * (619) 702-6761 FAX
4

5  Attorney for Plaintiffs KEVIN WAINE-GOLSTON
   and ANDRE CORBIN, individually and on behalf
6  of other members of the general public similarly situated

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN DIEGO

10

11  KEVIN WAINE-GOLSTON and ANDRE        CASE NO.    37-2011-00089206-CU-OE-CTL
    CORBIN, individually and on behalf of other
    members of the general public similarly       CLASS ACTION
12  situated,
                                                  COMPLAINT FOR:
13              Plaintiff,
                                                  1.    VIOLATION OF CALIFORNIA
14        v.                                            LABOR CODE; and

15  TIME WARNER NY CABLE LLC d/b/a          2.    VIOLATION OF CALIFORNIA
    TIME  WARNER   ENTERTAINMENT-                BUSINESS & PROFESSIONS CODE
16  ADVANCE/NEWHOUSE PARTNERSHIP;             SECTION 17200 et seq.
    and DOES 1 through 50, inclusive
17                                            Demand for Jury Trial
                Defendants
18

19

20

21

22

23

24

25

26

27

28

1        COMES NOW Plaintiffs KEVIN WAINE-GOLSTON ("WAINE-GOLSTON") and ANDRE

2    CORBIN ("CORBIN"), individually and on behalf of all others similarly situated, and alleges for his

3    complaint as follows:

4                **PARTIES, JURISDICTION AND VENUE**

5   1.    This Court has jurisdiction over this matter in that all parties are residents of the State of

6        California and the amount in controversy exceeds the statutory minimum limit of this Court.

7        This class action is brought pursuant to Code of Civil Procedure section 382. The monetary

8        damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the

9        Superior Court and will be established according to proof at trial. The monetary damages

10       sought on behalf of each and every member of the class and as aggregate class damages exceed

11       those jurisdictional limits as well. However, the individual claims of the class members,

12       including Plaintiffs, are under the $75,000.00 jurisdictional threshold for federal court.

13       Furthermore, there is no federal question at issue, as wage and hour protections and remedies

14       related thereto are based solely on California law and statutes, including the Labor Code, Code

15       of Civil Procedure, and Business & Professions Code.

16   2.    At all relevant times herein, Plaintiff WAINE-GOLSTON was and is an individual domiciled

17        in the County of San Diego, State of California.

18   3.    At all relevant times herein, Plaintiff CORBIN was and is an individual domiciled in the

19        County of San Diego, State of California.

20   4.    Plaintiffs are informed and believe and thereon allege that at all relevant times mentioned

21        herein, Defendant TIME WARNER NY CABLE LLC, a Delaware limited liability company,

22        was and is doing business as TIME WARNER ENTERTAINMENT-

23        ADVANCE/NEWHOUSE PARTNERSHIP (collectively, "TIME WARNER"), doing business

24        throughout the state, including the County of San Diego, State of California.

25   5.    Venue is proper because certain acts constituting the below violations were committed in the

26        County of San Diego.

27   6.    Plaintiffs are presently unaware of the true names, capacities and liability of Defendants named

28        herein as DOES 1 through 50, inclusive. Accordingly, Plaintiffs will seek leave of court to

1    amend this Complaint to allege their true names and capacities after the same have been

2    ascertained.

3    7.   Plaintiffs are informed and believe and thereon allege that each of the fictitiously named

4    Defendants is responsible in some manner for the wrongs and damages as herein alleged, and

5    in so acting was functioning as the agent, servant, partner, and employee of the co-defendants,

6    and in doing the actions mentioned below, was acting within the course and scope of his or her

7    authority as such agent, servant, partner, and employee with the permission and consent of the

8    co-defendants.   Plaintiffs' injuries as herein alleged were proximately caused by said

9    Defendants. Wherever it is alleged herein that any act or omission was done or committed by

10   any specially named Defendant or Defendants, Plaintiffs intend thereby to allege and do allege

11   that the same act or omission was also done and committed by each and every Defendant

12   named as a DOE, both separately and in concert or conspiracy with the named Defendant or

13   Defendants.

14   8.   Plaintiffs are informed and believe and thereon allege that Defendants, and each of them,

15   including DOES 1 through 50, are and at all times herein mentioned were either individuals,

16   sole proprietorships, partnerships, registered professionals, corporations, alter egos or other

17   legal entities which were licensed to do and/or were doing business in the County of San

18   Diego, state of California at all times relevant to the subject matter of this action.

19                           **CLASS ACTION ALLEGATIONS**

20   9.   As more specifically set forth below, Plaintiffs bring this action on behalf of an ascertainable

21   class and a well-defined community of interest among putative class members. Code Civ. Proc.

22   § 382; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 426, 470. Throughout the operative

23   limitations period, Plaintiffs and all other class members were denied the protections and

24   benefits of the Labor Code and Industrial Welfare Commission ("IWC") wage order(s) due to

25   Defendant's standard practices. For example, throughout their employment, Plaintiffs and all

26   other class members were and are denied full and accurate compensation, including overtime

27   compensation, in violation of, *inter alia*, Labor Code sections 204 and 510. Plaintiffs and all

28   other class members were and are denied accurate itemized wage statements, in violation of

1    Labor Code section 226.

2  10.  Plaintiffs bring this action on the grounds that they and other similarly situated employees and

3    former employees of Defendant were and are improperly denied the mandated wages resulting

4    from the above-referenced violations. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34

5    Cal.4th 319. The class against TIME WARNER is believed to number approximately fifteen

6    hundred (1,500) members.

7  11.  The approximately 1,500 member class is ascertainable via their experience as Defendant's

8    current or former California-based, nonexempt employees.

9  12.  Class members share a community of interest and injuries-in-fact as Defendant has violated

10    California's compensation laws, depriving class members of money earned.

11  13.  This action involves questions of law and fact common to the class in that Plaintiffs bring this

12    action on behalf of a class of Defendant's current and former California-based, nonexempt

13    employees who were and/or are denied the benefits and protections of the Labor Code and

14    IWC wage order(s). The subject matter of this action, both as to factual and legal matters, is

15    such that there are questions of law and fact common to the class which predominate over

16    questions affecting only individual members, including among other violations, the following:

17    A.  Whether TIME WARNER failed to properly pay class members the regular-time wages

18      due and owing to them in accordance with California law;

19    B.  Whether TIME WARNER failed to properly pay class members the overtime wages

20      due and owing to them in accordance with California law;

21    C.  Whether TIME WARNER failed to provide uninterrupted meal and rest periods to

22      class members, and failed to possess compliant policies for such periods;

23    D.  Whether TIME WARNER failed to pay all compensation due and owing to class

24      members at termination of employment;

25    E.  Whether TIME WARNER failed to provide accurate itemized wage statements to class

26      members;

27    F.  Whether TIME WARNER failed to maintain accurate time records in accordance with

28      California law;

G.     Whether TIME WARNER's uniform conduct constituted a violation of California
       Business & Professions Code section 17200 *et seq.*; and

H.     Whether TIME WARNER's uniform conduct was "willful," as that term is used within
       Labor Code section 203.

14.    The class on whose behalf the action is brought is so numerous that joinder of all parties
       individually would be impractical.  Plaintiffs bring this action on behalf of Defendant's
       nonexempt, California-based current and former employees who share a common or general
       interest, and it would be impracticable for those employees to bring the action individually.
       Any variations in job activities between the individual class members are legally insignificant
       to the issues presented by this action since the central facts remain, to wit, Plaintiffs and all
       other class members were improperly denied the benefits and protections of the Labor Code
       and IWC wage order(s), by and through Defendant's standard and institutionalized practices.

15.    Plaintiffs' claims in this action are typical of the class whom Plaintiffs generally represent.
       The claims result from Defendant's standard and institutionalized practices, experienced by
       Plaintiffs and all other Class Members.

16.    Plaintiffs can fairly and adequately protect the interests of all the members of the class whom
       they represent in this action.  Any differences in job titles is immaterial, as Defendant used
       (and use) a standard system to compensate class members.  Plaintiffs' experience and
       knowledge of Defendant's "wage and hour" practices, in addition to Plaintiffs' familiarity with
       Defendant's pay policies to class members whom they represent, entitle them to adequately and
       fairly represent the class.

17.    Plaintiffs satisfy the three prong "community of interest" requirement, as set forth in *Sav-On
       Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326.  Specifically, (a) this action
       involves predominant common questions of law or fact; (b) Plaintiffs' claims and damages are
       typical of the class whom Plaintiffs represent; and (c) Plaintiffs are class representative who
       can adequately represent the class.  Plaintiffs' experience and knowledge of Defendant's wage
       and hour practices entitle them to adequately and fairly represent the class.

///

Complaint

## FACTUAL BACKGROUND

18. In October 29, 2010, Plaintiff WAINE-GOLSTON began working for Defendant TIME WARNER in a nonexempt position. Plaintiff WAINE-GOLSTON's employment with TIME WARNER continues through the date of this complaint. Throughout his employment with Defendant, Plaintiff WAINE-GOLSTON performed his job in a capable and competent manner, and was commended for doing so.

19. In July 20, 2007, Plaintiff CORBIN began working for Defendant TIME WARNER in a nonexempt position. Plaintiff CORBIN's employment with TIME WARNER continues through the date of this complaint. Throughout his employment with Defendant, Plaintiff CORBIN performed his job in a capable and competent manner, and was commended for doing so.

### FIRST CAUSE OF ACTION
### Violation of Labor Code - Class Action
### (By The Class, Against Defendant and DOES 1 through 50)

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 as though fully set forth herein.

21. Throughout the applicable time period, Plaintiffs and all other class members were denied the benefits and protections of the Labor Code and IWC wage order(s) and were damaged thereby. Plaintiffs allege that TIME WARNER violated, and continues to violate, the Labor Code in various respects. The specific allegations are as follows:

A. TIME WARNER failed to provide overtime compensation to Plaintiffs and all other class members in a compliant manner, due to Defendant's uniform compensation policy, in violation of Labor Code sections 510 and 1194;

B. TIME WARNER failed to provide all wages due and owing to Plaintiffs and all other class members in a compliant manner, due to Defendant's uniform compensation policy, in violation of Labor Code section 204;

C. TIME WARNER failed to provide accurate itemized wage statements to Plaintiffs and all other class members, in violation of Labor Code section 226;

///

EXHIBIT A-20   5

Complaint

1         D.    TIME WARNER failed to maintain Plaintiffs' and all other class members' time

2             records, in violation of the IWC wage order(s), specifically Wage Order No. 11,

3             codified as California Code of Regulations, title 8, section 11110 *et seq.*;

4         E.    TIME WARNER failed to comply with Labor Code section 203 with respect to

5             Plaintiffs and all other class members who were discharged, or who quit employment,

6             including, but not limited to vacation pay.

7    22.  Because of TIME WARNER's failures as alleged herein, Plaintiffs and all other class members

8          did not receive compensation for all hours actually worked for TIME WARNER, and have

9          been damaged.

10   23.  Labor Code section 204(a) provides, in pertinent part, the following: "All wages . . . earned by

11         any person in any employment are due and payable twice during each calendar month, on days

12         designated in advance by the employer as the regular paydays."

13   24.  Labor Code section 510(a) provides, in pertinent part, the following: "Eight hours of labor

14         constitutes a day's work. Any work in excess of eight hours in one workday and any work in

15         excess of 40 hours in any one workweek and the first eight hours worked on the seventh day

16         of work in any one workweek shall be compensated at the rate of no less than one and one-half

17         times the regular rate of pay for an employee."

18   25.  Labor Code section 1194 sets forth, in pertinent part, the following: "any employee receiving

19         less than the legal minimum wage or the legal overtime compensation applicable to the

20         employee is entitled to recover in a civil action the unpaid balance of the full amount of this

21         minimum wage or overtime compensation, including interest thereon, reasonable attorney's

22         fees, and costs of suit."

23   26.  TIME WARNER violated Labor Code sections 204, 510 and 1194 by failing to timely and

24         accurately provide all wages due, including overtime compensation, to Plaintiffs and all other

25         class members.  Plaintiffs assert TIME WARNER's practice results in the failure to

26         compensate its employees properly for all the time they have actually worked, including regular

27         time and overtime.  Examples of Defendant's violations follow:

28       ///

EXHIBIT A-21 - 6 -

Complaint

27. For the two-week pay period beginning February 4, 2011 and ending February 17, 2011, Plaintiff WAINE-GOLSTON worked a total of six (6) days in excess of eight hours, but was not paid any overtime compensation for those days. Specifically, on February 4, 2011, WAINE-GOLSTON worked eight hours and three minutes (8:03), but was only paid for eight hours (8:00). On February 5, 2011, WAINE-GOLSTON worked eight hours and four minutes (8:04), but was only paid for eight hours (8:00). On February 7, 2011, WAINE-GOLSTON worked eight hours and five minutes (8:05), but was only paid for eight hours (8:00). On February 8, 2011, WAINE-GOLSTON worked eight hours and seven minutes (8:07), but was only paid for eight hours (8:00). On February 11, 2011, WAINE-GOLSTON worked eight hours and one minute (8:01), but was only paid for eight hours (8:00). On February 12, 2011, WAINE-GOLSTON worked eight hours and one minute (8:01), but was only paid for eight hours (8:00). WAINE-GOLSTON was not paid any overtime compensation on these days where he worked in excess of eight hours. For these six days alone, this amounts to twenty-one minutes (0:21) of unpaid overtime. WAINE-GOLSTON's regular rate of pay during this pay period was $13.00 per hour; his overtime rate was $19.501538. Accordingly, WAINE-GOLSTON is owed $6.83 for this two-week pay period alone (21/60 of an hour, multiplied by $19.501538/hour). WAINE-GOLSTON approximates he is owed roughly $5.00 in compensatory damages for each pay period since the beginning of his employment. As WAINE-GOLSTON has been employed since late October, 2010, he estimates approximately $55.00 is owed to date in compensatory damages for these overtime violations (11 pay periods, multiplied by $5.00/pay period).

28. For the two-week pay period beginning August 20, 2010 and ending September 2, 2010, Plaintiff CORBIN worked a total of five (5) days in excess of eight hours, but was not paid all overtime compensation due for those days. Specifically, on August 20, 2010, CORBIN worked eight hours and two minutes (8:02), but was only paid for eight hours (8:00). On August 23, 2010, CORBIN worked eight hours and three minutes (8:03), but was only paid for eight hours (8:00). On August 27, 2010, CORBIN worked eight hours and thirty-one minutes (8:31), but was only paid for eight hours and thirty minutes (8:30). On August 30, 2010,

1    CORBIN worked eight hours and five minutes (8:05), but was only paid for eight hours (8:00).

2    On September 1, 2011, CORBIN worked eight hours and four minutes (8:04), but was only

3    paid for eight hours (8:00). CORBIN was not paid all overtime compensation due on these

4    days where he worked in excess of eight hours. For these five days alone, this amounts to

5    fifteen minutes (0:15) of unpaid overtime. CORBIN's overtime rate of pay during this pay

6    period was $32.68 per hour. Accordingly, CORBIN is owed $8.17 for this two-week pay

7    period alone (15/60 of an hour, multiplied by $32.68/hour). CORBIN approximates he is owed

8    roughly $8.00 in compensatory damages for each pay period since the beginning of his

9    employment. As CORBIN has been employed since late December, 2009, he estimates

10   approximately $256.00 is owed to date in compensatory damages for these overtime violations

11   (32 pay periods, multiplied by $8.00/pay period).

12   29.   As a direct result of these failures to pay overtime compensation, as well as the failure to pay

13         all regular wages when less than eight hours were worked in a day and/or forty hours in any

14         one workweek, Defendant failed to pay all wages due in compliance with Labor Code section

15         204. Further examples of Defendant's violations follow:

16   30.   For the two-week pay period beginning December 24, 2010 and ending January 6, 2011,

17         WAINE-GOLSTON worked a total of fifty-seven hours and fifty-five minutes (57:55), but was

18         only paid for fifty-seven hours and forty-five minutes (57:45) of work-time.

19   31.   As an additional example, for the two-week pay period beginning January 7, 2011 and ending

20         January 20, 2011, WAINE-GOLSTON worked a total of seventy-two hours and twenty-six

21         minutes (72:26), but was only paid for seventy-two hours (72:00) of work-time.

22   32.   As an additional example, for the two-week pay period beginning May 14, 2010 and ending

23         May 27, 2010, CORBIN worked a total of sixty-eight hours and fourteen minutes (68:14), but

24         was only paid for sixty-eight hours (68:00) of work time.

25   33.   Labor Code section 226 provides, in pertinent part, the following: Every employer shall,

26         semimonthly or at the time of each payment of wages, furnish each of his or her employees,

27         either as a detachable part of the check, draft, or voucher paying the employee's wages, or

28         separately when wages are paid by personal check or cash, an accurate itemized statement in

1      writing showing (1) gross wages earned, (2) total hours worked by the employee . . . [and] (5)

2      net wages earned."

3    34.    California Code of Regulations, title 8, section 11110(7)(A) provides, in pertinent part, the

4      following: (A) Every employer shall keep accurate information with respect to each employee

5      including the following: (3) Time records showing when the employee begins and ends each

6      work period. Meal periods, split shift intervals and total daily hours worked shall also be

7      recorded. Meal periods during which operations cease and authorized rest periods need not be

8      recorded. (4) Total wages paid each payroll period, including value of board, lodging, or other

9      compensation actually furnished to the employee. (5) Total hours worked in the payroll period

10      and applicable rates of pay. This information shall be made readily available to the employee

11      upon reasonable request.".

12    35.    As a direct result of the aforementioned underpayments, TIME WARNER has failed to provide

13      accurate itemized wage statements to Plaintiffs and all other class members, and maintain

14      accurate records, in violation of Labor Code section 226 and California Code of Regulations,

15      title 8, section 11110(7)(A), respectively.

16    36.    TIME WARNER's failure to pay the correct amount of straight-time hourly wages permits a

17      civil suit to recover wages due to Plaintiffs and all other class members under Labor Code

18      sections 204 and 218, as well as recovery of interest, reasonable attorneys' fees, and costs of

19      suit under Labor Code sections 218.5 and 218.6.

20    37.    TIME WARNER's failure to pay the correct amount of overtime wages permits a civil suit to

21      recover the unpaid balance of the full amount of this overtime compensation due to Plaintiffs

22      and all other class members, as well as recovery of interest, reasonable attorneys' fees, and

23      costs of suit, pursuant to Labor Code section 1194:

24                  **SECOND CAUSE OF ACTION**
       **Violation of Business & Professions Code Section 17200 *et seq.* – Class Action**

25          **(By the Class, against Defendant and DOES 1 through 50)**

26    38.    Plaintiffs hereby incorporate by reference paragraphs 1 through 36 as though fully set forth

27      herein.

28    ///

- 9 -

Complaint

39. Plaintiffs are current employees and direct victims of Defendant's illegal and/or unfair business acts and practices referenced in this Complaint, have lost money as a result of such practices, and sue both in their individual capacities and on behalf of Defendant's current and former California-based nonexempt employees who share a common or general interest in the damages as a result of the illegal and/or unfair practices.

40. The approximately 1,500 member class is ascertainable via their experience as Defendant's current or former California-based nonexempt employees. The members share a community of interest and an injury-in-fact as Defendant has violated California's compensation laws, thereby depriving class members of money earned. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

41. Plaintiffs have suffered injuries-in-fact pursuant to Business & Professions Code section 17204, and have lost money as a result of Defendant's illegal and/or unfair practices.

42. Plaintiffs bring this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section 382, who share a common or general interest in the damages as a result of the illegal and/or unfair practices, in that those individuals on whose behalf the action is brought have also lost money as a result of Defendant's practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

43. As set forth above, during the course of Plaintiffs' employment, Defendant failed and refused to properly pay Plaintiffs and all other Class Members, and Defendant also failed to comply with fundamentally protective California laws including, but not limited to, Labor Code sections 204, 226, 226.7, 510, 512, 1194 and 2802.

44. Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair or fraudulent business act or practice.

45. Plaintiffs' allegations herein are based upon Defendant's institutional business acts and practices.

46. Defendant's business acts and practices, as described herein above, are unlawful and unfair, in that they violate the Labor Code and the IWC wage order(s).

47.    As a direct result of Defendant's unlawful and unfair business acts and practices, Plaintiffs and all other Class Members have been denied wages earned, and have therefore been damaged in an amount to be proven. Accordingly, Plaintiffs pray for restitution and injunctive damages in an amount to be proven.

48.    Plaintiffs are informed and believe, and on that basis allege, that Defendant's unlawful and unfair business practices, alleged above, are continuing in nature and are widespread.

49.    On behalf of the ascertainable class, Plaintiffs respectfully request an injunction against Defendant to enjoin it from continuing to engage in the illegal conduct alleged herein.

50.    On behalf of the ascertainable class, Plaintiffs respectfully request restitution damages.

51.    Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief as follows:

1.    An order certifying the proposed class;

2.    A permanent injunction against Defendant, restraining, preventing, and enjoining Defendant from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections, Labor Code sections 204, 226, 510 and 1194;

3.    Compensatory damages according to proof, as set forth under Labor Code sections 204, 226, 510 and 1194, among other statutes;

4.    Waiting time penalties pursuant to, *inter alia,* California Labor Code section 203;

5.    Statutory penalties pursuant to, *inter alia,* California Labor Code section 226;

6.    Attorneys' fees pursuant to, *inter alia,* California Labor Code sections 218.5, 226, 1194;

7.    Costs of this suit pursuant to, *inter alia,* California Labor Code sections 218.5, 1194;

8.    Pre- and post-judgment interest pursuant to, *inter alia,* California Labor Code section 218.6; and

9.    Such other and further relief as the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby request that this matter be heard and decided by trial by jury.

3

4      Dated: April 7, 2011                              SULLIVAN & CHRISTIANI, LLP

5

6                                                        Kevin D. Sullivan,
                                                         Eric K. Yaeckel,
7                                                        Attorneys for Plaintiffs KEVIN WAINE-GOLSTON
                                                         and ANDRE CORBIN, individually and on behalf of
8                                                        other members of the general public similarly
                                                         situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-27   12 -

Complaint

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7056 | |

| PLAINTIFF(S) / PETITIONER(S): Kevin Waine-Golston et.al. |
|---|

| DEFENDANT(S) / RESPONDENT(S): Time Warner NY Cable LLC |
|---|

| WAINE-GOLSTON VS. TIME WARNER NY CABLE LLC | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2011-00089206-CU-OE-CTL |

Judge: Joel M. Pressman                                      Department: C-66

**COMPLAINT/PETITION FILED:** 04/07/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)

NOTICE OF CASE ASSIGNMENT
EXHIBIT A-26

Page: 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00089206-CU-OE-CTL      CASE TITLE: Waine-Golston vs. Time Warner NY Cable LLC

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **and**
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
• Saves time
• Saves money
• Gives parties more control over the dispute resolution process and outcome
• Preserves or improves relationships

**Potential Disadvantages**
• May take more time and money if ADR does not resolve the dispute
• Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Kevin Waine-Golston et.al. |
|---|
| DEFENDANT(S): Time Warner NY Cable LLC DBA Time Warner Entertainment-Advance/Newhouse Partnership |
| SHORT TITLE: WAINE-GOLSTON VS. TIME WARNER NY CABLE LLC |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00089206-CU-OE-CTL |
|---|---|

Judge: Joel M. Pressman                          Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private-mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                   Date: _____

_____                     _____
Name of Plaintiff                                Name of Defendant

_____                     _____
Signature                                        Signature

_____                     _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                     _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/07/2011                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION    Page: 1

EXHIBIT A-31