William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupllp.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupllp.com
**SULLIVAN LAW GROUP, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorney for Plaintiffs KEVIN WAINE-GOLSTON
and ANDRE CORBIN, individually and on behalf
of other members of the general public similarly
situated and as aggrieved employees pursuant to the
California Private Attorneys General Act of 2004

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WAINE-GOLSTON and ANDRE CORBIN, individually and on behalf of other members of the general public similarly situated and as aggrieved employees pursuant to the California Private Attorneys General Act of 2004 <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, a New York general partnership; and DOES 1 through 10, inclusive <br><br> Defendants | **CASE NO. 11-cv-01057-GPC-RBB** <br><br> **COLLECTIVE AND CLASS ACTION** <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date:      February 8, 2013 <br> Time:      1:30 p.m. <br> Courtroom:  9 <br> Judge:     Hon. Gonzalo P. Curiel |

## TABLE OF CONTENTS

I.      Summary of Opposition ........................................................................................... 1

II.     Verified Factual Summary ..................................................................................... 3

        i.      The Operative Allegations Within the First Amended Complaint ............................... 3

        ii.     The Stipulation Between the Parties Confirms the Above Allegations ........................4

        iii.    Controlling Law Confirms That "Rounding" Is An Affirmative Defense ....................4

        iv.     The Court Has Consistently Found in Plaintiff's Favor on this Issue ..........................5

        v.      The Attempt to File an Amended Complaint Did Not Change the Operative
                Allegations ..............................................................................................................6

III.    Legal Standard ..........................................................................................................6

IV.     Argument ....................................................................................................................7

        A.      TWEAP's Motion Is Procedurally Defective, As It "Redefines" the Operative
                Complaint ................................................................................................................7

                i.      Controlling Law on Pleadings ...........................................................................7

                ii.     Controlling Law on Affirmative Defenses ........................................................7

        B.      The Motion Is Replete With Factual and Legal Error and/or Misrepresentations, Which
                Require Denial of the Motion ...............................................................................8

                i.      TWEAP's Motion is Based Upon a Mis-Representation of "Undisputed
                        Facts".......................................................................................................8

                ii.     As "Rounding" is One of TWEAP's Affirmative Defenses, Plaintiffs Have No
                        Duty to Plead or Prove Its' Applicability.............................................................10

                iii.    As TWEAP Failed to Plead a *De Minimis* Affirmative Defense, and as All Time
                        at Issue is Ascertainable, the *De Minimis* Doctrine Cannot Apply ................10

        C.      The Motion Fails, As TWEAP's Own *Verified* Records Show Plaintiffs Were Working
                But Not Compensated ........................................................................................12

        D.      The California Appellate Court Has Recently Rejected TWEAP's Argument That
                Summary Judgment Is Proper ...........................................................................13

        E.      Triable Issues Exist As To Every Major and "Derivative" Claim ...............................15

                i.      The "Computerized Records Issue" - (TWEAP's 'off the clock')...................15

                ii.     The "Failure to Pay Compensation Due" Claim - (TWEAP's "Rounding"
                        Issue) ..............................................................................................................15

                iii.    Regular Rate of Pay ...........................................................................................16

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

iv.     Itemized Wage Statements / Inaccurate Records ............................................... 17

v.      Labor Code Section 203 Claims ...................................................................... 18

F.     TWEAP's Anticipated Objections As To Plaintiffs' Expert Fail .............................. 18

V.   Conclusion .......................................................................................................................... 19

11-cv-01057-GPC-RBB

1

## **TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3
*Adoma v. University of Phoenix, Inc.*
   (E.D. Cal. 2011) 779 F.Supp.2d 1126 ...................................................16

4
*Anderson v. Liberty Lobby*
5
   (1986) 477 U.S. 242, 255 .....................................................................6

6
*Anderson v. Mt. Clemens  Pottery Co.*
   (1946) 328 U.S. 680 .......................................................................1,2,11
7

*Arizona v. California*
8
   (2000) 530 U.S. 392 ........................................................................1,11

9
*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*
   (N.D. Cal 2010) 718 F.Supp.2d 1167 ...................................................8
10

*Cruz v. Dollar Tree Stores, Inc.*
11
   (N.D. Cal 2010) 270 F.R.D. 499 ......................................................5,8,10

12
*Eddings v. Health Net, Inc.*
   (C.D. Cal 2012) 2012 WL 994617 ...................................................11,15
13

14
*Elliot v. Spherion Pacific Work, LLC*
   (C.D. Cal. 2008) 572 F.Supp.2d 1169 .................................................17

15
*Farris v. County of Riverside*
   (C.D. Cal 2009) 667 F.Supp.2d 1151 ..............................................10,11
16

17
*Harvey v. District of Columbia*
   (Dist. DC 1996) 949 F.Supp. 874 .......................................................18

18
*Hewitt v. Liberty Mut. Group, Inc.*
   (MD FL 2010) 268 FRD 681 ..............................................................19
19

20
*Holmes Group, Inc. v. Vornado Air Circulation Systems*
   (2002) 535 U.S. 826 ........................................................................1,7

21
*Horphag Research Ltd. v. Garcia*
   (9th Cir.2007) 475 F.3d 1029 ...............................................................6
22

23
*Iacangelo v. Georgetown Univ.*
   (Dist. DC 2011) 272 FRD 233 ............................................................19

24
*Jaimez v. DAIOHS USA, Inc.*
   (2010) 181 Cal.App.4th 1286 .............................................................17

25
*Kohler v. Bed Bath & Beyond of California, LLC*
26
   (C.D. Cal 2012) 2012 WL 424377 .......................................................11

27
*Lindow v. United States*
   (9th Cir. 1984) 738 F.2d 1057 .........................................................1,11

28

11-cv-01057-GPC-RBB

*Lowdermilk v. U.S. Bank*
 (9th Cir. 2007) 479 F.3d 994 ......................................................................................1,7

*Maciel v. City of Los Angeles*
 (C.D. Cal 2008) 569 F.Supp.2d 1038 ..........................................................................11

*Provine v. Office Depot, Inc.*
 2012 U.S. Dist. LEXIS 93881 (N.D. Cal. July 6, 2012) ...........................2,11,16,17

*Ramirez v. Yosemite Water Company*
 (1999) 20 Cal.4th 785 ..........................................................................1,4,5,8,10

*Redwood Theatres, Inc. v. Festival Enterprises, Inc.*
 (9th Cir. 1990) 908 F.2d 477 .........................................................................................7

*See's Candy Shops, Inc. v. Superior Court*, (2012)
 10 Cal.App.4th 889 .......................................................................................2,13,14,15

*Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*
 (8th Cir.1995) 47 F.3d 277 .........................................................................................19

*The Fair v. Kohler Die & Specialty Co.*
 (1913) 228 U.S. 22 .......................................................................................................7

**Statutes, Rules and Regulations**

29 CFR 785.48 .........................................................................................10,12,13,14,16

29 U.S.C. Chapter 8 (Fair Labor Standards Act).............................................................3,16

California Labor Code § 226(e) ...........................................................................17,18

California Labor Code § 203 ...........................................................................................18

Federal Rule of Civil Procedure, rule 8(c)(1).......................................................................8

Federal Rule of Civil Procedure, rule 56(a).........................................................................6

11-cv-01057-GPC-RBB

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# I. **SUMMARY OF OPPOSITION**

TIME   WARNER   ENTERTAINMENT-ADVANCE/NEWHOUSE   PARTNERSHIP's ("TWEAP") Motion for Summary Judgement is based upon material Procedural, Legal and Factual errors and/or mis-representations. Respectfully, these mis-representations approach the borders of rational advocacy. These errors require Denial. Specifically:

1.      **TWEAP Improperly Re-Defines the Operative Complaint:** TWEAP's entire Motion fails facially, and at the outset, because TWEAP improperly attempts to re-define the operative Complaint, adding additional burdens of proof on Plaintiff. However, it is long-standing precedent that Plaintiffs' (not TWEAP) are "masters of the Complaint." *Holmes Group, Inc. v. Vornado Air Circulation Systems* (2002) 535 U.S. 826, 831; *Lowdermilk v. U.S. Bank* (2007) 479 F.3d 994,998-99. As specifically set forth immediately below, TWEAP violates federal procedure in both (1) attempting to have Plaintiff establish Defendant's Affirmative Defense, and (2) asserting Affirmative Defenses not within its' operative Answer. This is a violation of law. *Arizona v. California* (2000) 530 U.S. 392, 410).

2.      **TWEAP Cannot Obtain Summary Judgment, As "Rounding" Is An Affirmative Defense**

California law (the basis for Plaintiffs' claims), by and through the California Supreme Court, has long held that "Rounding" - as an exemption to Overtime laws - is an Affirmative Defense, which the Defendant Employer bears the burden to establish. *Ramirez v. Yosemite Water Company* (1999) 20 Cal.4th 785, 794-95. Here, Plaintiffs' never asserted "Rounding" within the original Complaint or the currently controlling First Amended Complaint. As TWEAP asserts a "Rounding" Affirmative Defense (OUMF # 8-9), and bears the burden of proof, such a "defense" is in error.

3.      **As All Time At Issue is Ascertainable, and as TWEAP Never Asserted Such an Affirmative Defense, the *De Minimis* Defense" Fails**

TWEAP also argues that the undisputed lost time and compensation are "*De Minimis*." Such an argument fails, for three separate reasons. First, the "*De Minimis* Doctrine" is an Affirmative Defense, which TWEAP has failed to plead. Thus, TWEAP has waived this defense. Second, and even if considered, a "*De Minimis*" Defense would fail, in that such a defense requires that the unpaid time be "**un**ascertainable." *Lindow v. United States*, (9th Cir. 1984) 738 F.2d 1057; *Anderson v. Mt.*

- 1 -

1    *Clemens Pottery Co.* (1946) 328 U.S. 680, 692-693 (emphasis added). Here, **all** uncompensated time

2    is ascertainable, *from TWEAP's own verified computer records* ! (OUMF 19-22). Third, a *de minimis*

3    defense is improper where the lost time and compensation is substantial in the aggregate. *Lindow*, 738

4    F.2d at 1063; *see also Provine v. Office Depot, Inc.*, 2012 U.S. Dist. LEXIS 93881, at 13-17 (N.D. Cal.

5    July 6, 2012).

6    **4.    TWEAP *Admits*, and Its' Own Verified Documents Establish, There are Instances Where**

7    **Plaintiffs' Were Not Paid for Computer Boot Up Time**

8    TWEAP makes great attempts to describe the "Computer Log" claim as "Off-the-Clock."

9    Plaintiffs have not alleged an "Off-the-Clock" claim, and can establish liability simply by and through

10   TWEAN's own verified time entries within its computer programs. (OUMF # 22).

11   TWEAP's **admits** there are documented and verified instances where both Plaintiffs' were not

12   compensated for time spent loading computer programs prior to clocking in. (See Defendant's Separate

13   Statement # 26-27 and Plaintiffs' Response thereto. Plaintiffs' also prove as such. (OUMF # 19-21)).

14   **5.    Time Warner *Admits*, and Expert Analysis *Confirms*, that Plaintiffs Lost Wages as a**

15   **Result of Its Standard Compensation Policy**

16   TWEAP's counsel analyzes only a portion - selectively chosen - of the pay periods to assert

17   that the Plaintiffs' gained time as a result of the compensation policies. These calculations are flawed,

18   for several reasons. First, TWEAP's calculations fail to differentiate between regular and overtime

19   minutes. As an example, Plaintiff Waine-Golston actually lost compensation, in a pay period TWEAP

20   offers as a time "gain." (OUMF # 23). Second, expert analysis of the *entire set of records* confirms

21   both Plaintiffs **lost** considerable compensable time and wages. (OUMF # 24-27). Plaintiffs'

22   independent analysis has confirmed the same. (OUMF #28-31).

23   **6.    TWEAP's Theory for Summary Judgement Has Been *Rejected* By California Courts**

24   Less than 2 months ago, the California Appellate Court implicitly *rejected* TWEAP's theory

25   with respect to its' "Rounding" theory. Specifically, as most clearly established by the Declaration of

26   TWEAP counsel Michael Kabat, TWEAP merely counts "lost" or "gained" minutes, *without* analyzing

27   whether the minutes are "Regular" time or Overtime. The Appellate Court rejected this theory. *See's*

28   *Candy Shops, Inc. v. Superior Court*, (2012) 10 Cal.App.4th 889, 148 Cal.Rptr.3d 690, 708.

- 2 -

**7.      Triable Issues Exist On All Claims**

TWEAP generally asserts that the claims "derivative" to the above issues also fail. However, as set forth above, both Plaintiffs' lost money as a result of TWEAP's policies. Thus, triable issues clearly exist as to these "derivative" claims.

## II.  *VERIFIED* FACTUAL SUMMARY

TWEAP improperly attempts to re-define the operative claims, asserting that "Time Calculation" and the "Regular Rate of Pay" issues are not within Plaintiff's First Amended Complaint. Bluntly, the Court has already addressed - **and rejected** - such arguments. The following verified factual summary establishes these facts.

**i.      The Operative Allegations Within the First Amended Complaint**

Plaintiffs' First Amended Complaint ("FAC") is the operative pleading. As set forth below, the FAC clearly establishes that Plaintiffs' primary complaint involves TWEAP's alleged failure to pay Overtime Compensation (among other wages) as a result of TWEAP's failure to compensate for all recorded (by TWEAP) work-time.

Plaintiffs' first cause of action is for violations under the FLSA. The primary FLSA claim is set forth in paragraph 17 of the First Amended Complaint, and challenges TWEAP's failure "to pay employees for all **overtime compensation** due." (OUMF # 2,4)

Plaintiffs' second cause of action is for violations of the California Labor Code. The primary labor code claim is set forth in paragraph 18 of the First Amended Complaint, and challenges TWEAP's failure "to pay employees for all hours worked, including **overtime compensation.**" (OUMF # 2,5)

Paragraph 27 of the First Amended Complaint provides the "questions of law and fact common to the classes." The first two "common questions" allege TWEAP's failure to pay **regular and overtime wages**. (OUMF # 6).

Paragraph 56 explains that the illustrated examples within the Complaint demonstrate that the Avaya/Kronos time records, in their own right, do not compensate employees for all of the recorded time the employees actually worked, as the examples:

///

- 3 -

are only reflective of Defendant's timekeeping programs: Avaya and/or Kronos. Plaintiffs are informed and believe and thereon allege that, at all relevant times herein, Defendant paid (and continues to pay) its employees based upon the times records which are derived from Avaya/Kronos time records for Plaintiffs. (OUMF # 32).

The examples establish that Plaintiffs are alleging that they were not paid for all ***recorded time*** worked. For example:

> For the workweek beginning January 7, 2011 and ending January 13, 2011, Plaintiff WAINE-GOLSTON worked at least forty hours and seventeen minutes (40:17), but was only paid for forty hours (40:00) of work-time. WAINE-GOLSTON was not paid any overtime compensation for those (at a minimum) seventeen minutes in excess of forty hours; *i.e.* all the time WAINE-GOLSTON actually worked. Because Defendant employed WAINE-GOLSTON "for a workweek longer than forty hours" (29 U.S.C. § 207(a)(1)), WAINE-GOLSTON must receive "compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* WAINE-GOLSTON's regular rate of pay during this workweek was $13.00 per hour; his overtime rate was $19.501538. Accordingly, WAINE-GOLSTON is owed at least $5.53 for this workweek alone (at least 17/60 of an hour, multiplied by $19.501538/hour). (OUMF # 33).

The FAC also sets forth numerous other specific examples of losses experienced by both Plaintiffs as a result of the timekeeping system. (OUMF # 33).

Importantly, at the time of the filing of the original Complaint (and the now operative FAC) Plaintiffs' counsel - who authored the pleadings - were not aware of TWEAP's. "Rounding" policies. (OUMF # 9). The complaints were authored simply on the basis that the compensation provided did not match the Time Records, and that this was a standard practice. (OUMF # 7). There was no specific allegation as to **why** the compensation provided did not match the Time Records.

### ii.    The Stipulation Between the Parties Confirms the Above Allegations

Consistent with the above, the parties entered into a ***Joint Stipulation*** on Defendant's "practice of rounding time entries" (Doc. # 43). Within the stipulation the parties clearly agree that:

> "***Plaintiffs have alleged in their First Amended Complaint***, that based upon Defendant's time records, Defendant's non-exempt ***employees were not paid for all recorded minutes worked.***" (OUMF # 35).

### iii.    Controlling Law Confirms That "Rounding" Is An Affirmative Defense

Plaintiffs' First Amended Complaint does not use the term "Rounding" because Rounding is an exemption to the overtime laws, which makes it an affirmative defense. *Ramirez v. Yosemite Water*

- 4 -

1 | *Company, Inc.*(1999) 20 Cal.4th 785, 794-795, *Cruz v. Dollar Tree Stores, Inc.* (N.D. Cal 2010) 270

2 | F.R.D. 499, 503.

3 |     **iv.**    **The Court Has Consistently Found in Plaintiff's Favor on this Issue**

4 |     On April 30, 2012 at the Motion to Compel Hearing, and in the briefing, TWEAP presented

5 | the same argument regarding Plaintiffs' operative claims.

6 |     Specifically, Plaintiffs' Document Request No. 57 requested all time records for non-exempt

7 | employees during the limitations period. Document Request No. 65 requested all itemized wage

8 | statements for non-exempt employees during the limitations period. Document Request No. 66

9 | requested all documents which recorded employee benefits during the limitations period. Document

10 | Request No. 68 requested all documents which recorded the employee benefit of discounted Time

11 | Warner Cable services. (OUMF # 37).

12 |     TWEAP objected to producing the time records and wage statements (No. 57 and 65) on the

13 | grounds that Plaintiffs' were "not entitled to the requested materials." (OUMF #37).

14 |     TWEAP objected to producing the employee benefits information (No. 66 and 68), on the

15 | grounds that "Employee Benefits Information Is Not Relevant to Any Claim or Defense." (OUMF #38).

16 |     Judge Brooks expressly **rejected** these arguments. He noted, on the record, that he read the

17 | First Amended Complaint more broadly, and felt that it adequately alleged the "Failure to Pay" and

18 | "Regular Rate of Pay Issues." (OUMF # 39). Moreover, he agreed with Plaintiffs' assertions that these

19 | documents were necessary to bring a Motion for Class Certification on Plaintiffs' operative claims.

20 | (OUMF # 39).

21 |     The rejection of TWEAP's present argument is further evidenced by his order requiring

22 | TWEAP to produce a sampling *time detail reports, itemized wage statements and employee benefits*

23 | *information*, related to both of these claims. (OUMF # 40).

24 |     The Court also ordered the Defendant to produce the identities of 10% of TWEAP's California

25 | Employees, as witnesses to corroborate the claims. (OUMF # 41).

26 |     As was expressed in the Motion to Compel, and throughout the meet and confer process

27 | leading up to it, Plaintiffs required the above information to corroborate their claims that TWEAP

28 | failed to pay class members all wages owed based off of its Kronos/Avaya records and that TWEAP

- 5 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   failed to correctly calculate the regular rate of pay, by excluding employee benefits from the

2   calculations. (OUMF #42).

      **v.**    **The Attempt to File an Amended Complaint Did Not Change the Operative Allegations**

3

4        Despite their assertions regarding the burden of proof, Defendant amended its operative

5   answer, prior to the joint stipulation, to add the affirmative defense of "Rounding" at Plaintiff's

6   suggestion. Plaintiffs, as a matter of professional courtesy, agreed not to oppose this request. (OUMF

7   # 43).

8        Plaintiffs' also agreed to amend their Complaint, to mention TWEAP's now-known

9   "Rounding" policy. However, as specifically represented, this proposed amendment was created **only**

10  as a professional courtesy, to address Defense Counsel's represented confusion. (OUMF # 10).

11  Plaintiffs underlying theory of liability remained the same, and Plaintiffs' never undertook to assume

12  TWEAP's burden of proof on the "Rounding" Affirmative Defense. (OUMF # 44).

13       Finally, and importantly, Defendants have already conducted discovery, including deposing

14  both named Plaintiffs, on the issue of "Rounding." (OUMF # 45 ).

15  ### III.  LEGAL STANDARD

16       If a moving party does not seek summary judgment as to a particular claim, any single issue

17  of triable fact will defeat the motion:

18  > A party may move for summary judgment, ***identifying each claim*** or defense — or the part of
19  > each claim or defense — on which summary judgment is sought. The court shall grant
> summary judgment if the movant shows that there is *no genuine dispute as to **any** material
20  > *fact...*

   Federal Rules of Civil Procedure 56(a).

21       When assessing the record to determine whether there is a "genuine issue for trial," the court

22  must "view the evidence in the light most favorable to the nonmoving party, drawing all reasonable

23  inferences in [its] favor." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir.2007). The

24  court may not make credibility determinations; nor may it weigh conflicting evidence. *See Anderson*

25  *v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  The ultimate question on a summary judgment motion

26  is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether

27  it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

28

# IV.  ARGUMENT

## A.  TWEAP'S MOTION IS PROCEDURALLY DEFECTIVE, AS IT IMPROPERLY "REDEFINES" THE OPERATIVE COMPLAINT

The fatal deficiencies within TWEAP's Motion are best illustrated via its patent attempts to redefine the operative First Amended Complaint. As set forth below, long-standing controlling law holds the Plaintiff as "Master of his/her complaint." TWEAP's Motion is founded - entirely - upon its own subjective, and erroneous, "re-definition" of the operative Complaint. This is contrary to long-standing law on pleadings. *Holmes Group, Inc. v. Vornado Air Circulation Systems* (2002) 535 U.S. 826, 831; *Lowdermilk v. U.S. Bank* (9th Cir. 2007) 479 F.3d 994,998-99.

Further, in arguing that "Rounding" is not at issue, **TWEAP refuses to admit that it asserts "Rounding" as its <u>own</u> Affirmative Defense.**  (OUMF # 46).

The procedural errors within TWEAP's Motion are set forth below:

### i.  Controlling Law on Pleadings

Longstanding authority holds that the Plaintiff is the "master of his complaint." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.* (2002) 535 U.S. 826, 831, *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 998–99 (9th Cir.2007) (affirming that Plaintiff is also master of "her" complaint.)

In analyzing the allegations of the complaint "the party who brings a suit is master to decide *what law he will rely upon.*" *The Fair v. Kohler Die & Specialty Co.,* (1913) 228 U.S. 22, 25 (emphasis added); *see also Redwood Theatres, Inc. v. Festival Enterprises, Inc.* (9th Cir. 1990) 908 F.2d 477, 479.

In this case, Plaintiffs' claim at issue is that they and other class members were not paid all wages due and owing in violation of the California Labor Code. Specifically, that TWEAP failed "to pay employees for all overtime compensation due" and failed "to pay employees for all hours worked." (OUMF # 2,4,5,6).  Neither Plaintiffs' original or (now controlling) FAC ever mentioned - in any manner - the term "Rounding." (OUMF # 8,9).

### ii.  Controlling Law on Affirmative Defenses

TWEAP has asserted "Rounding" as an Affirmative Defense. (OUMF# 46). An Affirmative Defense must be plead where it a Defendant feels it is a complete defense to a claim, notwithstanding

- 7 -

1   the validity of the underlying claim. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*

2   (N.D. Cal 2010) 718 F.Supp.2d 1167, 1174.

3        A **Defendant bears the burden of proof on an affirmative defense.** *Kanne v. Connecticut*

4   *General Life Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir.1988).

5        "In responding to a pleading, a party must affirmatively state any avoidance or affirmative

6   defense." FRCP 8(c)(1).

7            "[a]n affirmative defense, under the meaning of Federal Rule of Civil
    Procedure 8(c), is a defense that does not negate the elements of the plaintiff's

8            claim, but instead precludes liability even if all of the elements of the plaintiff's
    claim are proven." *Barnes v. AT & T Pension Ben. Plan-Nonbargained*

9            *Program,* (N.D. Cal 2010) 718 F.Supp.2d 1167, 1174.

10       Rounding is an exemption to the overtime laws, which makes it an affirmative defense.

11  *Ramirez v. Yosemite Water Company, Inc.*(1999) 20 Cal.4th 785, 794-795, *Cruz v. Dollar Tree Stores,*

12  *Inc.* (N.D. Cal 2010) 270 F.R.D. 499, 503.

13       As "Rounding" was not put at issue by Plaintiff, it can only be a defense that could potentially

14  preclude liability, making it an affirmative defense. TWEAP bears the burden of proving its own

15  affirmative defense. It is undisputed that Plaintiffs' have not challenged "Rounding," they have

16  challenged TWEAP's failure to pay all wages due. (OUMF # 9,35).

17       TWEAP's attempt to redefine the pleadings and bring a Summary Judgement motion as to a

18  Rounding claim that TWEAP itself has the burden to establish is procedurally improper.

19  **B.**     **THE MOTION IS REPLETE WITH FACTUAL AND LEGAL ERROR, AND/OR MIS-**
    **REPRESENTATIONS, WHICH REQUIRE DENIAL OF THE MOTION**

20       TWEAP's Motion for Summary Judgement abounds with errors and/or mis-representations.

21  From failing to comply with federal Motion Procedure, to holding certain "facts" as undisputed where

22  the <u>verified</u> record clearly holds the contrary, the fundamental flaws require <u>Denial</u> of the Motion.

23       The major errors and/or mis-representations are set forth below:

24       **i.**     **TWEAP's Motion is Based Upon a Mis-Representation of "Undisputed Facts"**

25       Respectfully, TWEAP'S representations as to "undisputed facts" approaches the borders of the

26  disingenuous. As fully set forth within Plaintiff's Response to TWEAP's Statement of Undisputed

27  Facts (and Plaintiffs' own Undisputed Facts), and as summarized below, TWEAP ignores its own

28

- 8 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1   <u>verified</u> documents, and large portions of the deposition testimony it (selectively) cites to, in finding

2   anything about its presentation of this case to be "undisputed."

3        Examples of clear "disputed facts" are as follows:

4        **Exhibits A - H** are clear examples where the plaintiffs' lost anywhere between $4 and $15

5   dollars in one pay period, as a result of TWEAP's standard compensation system. (OUMF #s 11-18).

6   **Please note**: these are only examples; a full analysis of the losses throughout the limitations period

7   has been provided - with methodology similar to TWEAP's counsel - via declaration. (OUMF #28-31).

8        Moreover, the independent expert analysis of Plaintiff Andre Corbin's time records shows

9   Andre Corbin lost time in 77 out of a total of 102 pay periods he worked during the limitations period,

10  as a result of the rounding policy. (OUMF # 24).

11       The independent expert analysis also shows the net effect of the rounding policy caused Mr.

12  Corbin to lose over 42 hours and 27 minutes of compensable time throughout the limitations period.

13  (OUMF # 25).

14       Plaintiffs' expert has independently analyzed the data and concluded that Plaintiff Kevin

15  Waine-Golstons's time records shows Mr. Waine-Golston lost time in 16 of the 23 of the pay periods

16  he worked during the limitations period, as a result of the rounding policy. (OUMF # 26).

17       Moreover, the net effect of the rounding policy caused Mr. Waine-Golston to lose over 2 hours

18  and 43 minutes of compensable time throughout the limitations period. (OUMF # 27).

19       Kevin Waine-Golston's verified records show that on August 4, 2011, Mr. Waine-Golston

20  accessed the "Unified" computer system at 6:45 p.m. but did not log into Kronos/Avaya until 6:48

21  p.m., causing a loss of 3 minutes of compensated time. (See Defendant's SUF # 26 and Plaintiffs'

22  Response thereto; OUMF # 19).

23       As a second example, On March 19, 2011 Mr. Corbin accessed the "AAD" computer system

24  at 8:28 a.m. however he did not log into Kronos/Avaya until 8:29 p.m. causing a one minute loss of

25  compensable time. (See Defendant's SUF # 27 and Plaintiffs' Response thereto; OUMF # 21).

26       **Please Note:** Perhaps the most telling example of how TWEAP errs in its calculations (which

27  should result in Denial of the Motion) is within TWEAP's assertions that Mr. Waine-Golston "gained

28  time" for the pay period of 4/15/11 through 4/28/12. (D's SUF No. 51). However, as  his <u>verified</u>

- 9 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  records show, he actually lost compensation during this pay period. Importantly, TWEAP failed to

2  distinguish between Regular and Overtime Minutes, *which are paid at a higher rate*. (OUMF #23).

3  Specifically, there was a net "gain" of 5 regular time minutes for the pay period and a net "loss"

4  of 4 overtime minutes for the pay period. In calculating the minutes by the applicable - and different -

5  hourly rates, and comparing it to what Mr. Waine-Golston was actually paid, the TWEAP

6  compensation policies caused Mr. Waine-Golston to lose 22 cents of wages for this pay period.

7  (OUMF # 23).

8  This best exemplifies TWEAP's fundamental error within its' Motion. Bluntly, one cannot

9  "offset" Regular work-time with Overtime. Further, TWEAP may not establish Summary Judgment

10  without analyzing whether the Plaintiffs' gained or lost **money**, not just gained or lost time. Where

11  TWEAP has not performed such a calculation (and Plaintiffs' have, establishing a monetary loss),

12  Summary Judgement is improper.

13  **ii.    As "Rounding" is One of TWEAP's  Affirmative Defenses, Plaintiffs Have No Duty to Plead or Prove Its' Applicability**

14  TWEAP has asserted "Rounding" as an Affirmative Defense. (OUMF #46). The

15  "Rounding"regulation (29 CFR 785.48) is **not** a part, or portion, of Plaintiff's theory of liability.

16  (OUMF # 8,9).  The primary foundation for TWEAP's Motion is based in the premise that Plaintiffs

17  must not only (1) anticipate TWEAP's Affirmative Defenses at the time they filed their Complaint

18  (and *before* TWEAP has even plead such defenses), but (2) bear the burden of proof as to TWEAP's

19  Affirmative Defenses. As set forth below, such arguments are contrary to law.

20  Rounding is an exemption to the overtime laws, which makes it an affirmative defense.

21  *Ramirez v. Yosemite Water Company, Inc.* (1999) 20 Cal.4th 785, 794-795, *Cruz v. Dollar Tree Stores,*

22  *Inc.* (N.D. Cal 2010) 270 F.R.D. 499, 503.

23  **iii.    As TWEAP Failed to Plead a *De Minimis* Affirmative Defense, and as All Time at Issue is Ascertainable, the *De Minimis* Doctrine Cannot Apply**

24  TWEAP attempts to argue that, even if some "lost time" (i.e. time not compensated)  exists,

25  it has no liability, due to the *De Minimis* Doctrine. Such an argument is in error, for several separate

26  reasons.

27

28  ///

- 10 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    First, a *De Minimis* claim is an Affirmative Defense. *Farris v. County of Riverside* (C.D. Cal

2   2009) 667 F.Supp.2d 1151, 1154, *Maciel v. City of Los Angeles*, (C.D. Cal 2008) 569 F.Supp.2d 1038

3   (Plaintiff only needed to prove time was compensable, then the Court analyzed Defendant's de

4   minimis defense). *Kohler v. Bed Bath & Beyond of California, LLC* (C.D. Cal 2012) 2012 WL 424377

5   * 3 (holding *de minimis* a properly plead affirmative defense).

6    Failure to raise an affirmative defense renders it inadmissable. *Arizona v. California*, 530 US

7   392, 410 (2000).

8    TWEAP fails to plead it in any manner (OUMF # 47), although they were  provided an

9   opportunity to Amend their Answer. (OUMF # 48). TWEAP specifically rejected the opportunity.

10   (OUMF # 48).

11    Second, even if considered, the "defense" would fail, as all time at issue is ascertainable by and

12   through TWEAP's own <u>verified</u> records. (OUMF# 22). Longstanding controlling law requires that the

13   *De Minimis* Defense is only applied to time that is **unascertainable**. *Lindow v. United States*, (9th Cir.

14   1984) 738 F.2d 1057, *Anderson v. Mt. Clemens  Pottery Co.* (1946) 328 U.S. 680, 692-693.

15    Third, in the aggregate, lost time and money is substantial. Courts "have granted relief for

16   claims that might have been minimal on a daily basis but, when aggregated, amounted to a substantial

17   claim." *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984); *see also Provine v. Office*

18   *Depot, Inc.*, 2012 U.S. Dist. LEXIS 93881, at 13-17 (N.D. Cal. July 6, 2012) (rejecting defendant's

19   argument that a loss of $0.50 in a single pay period was *de minimis* as a matter of law).

20    TWEAP makes no showing of total losses and therefore cannot contest the fact that the lost

21   time (and compensation) is substantial in the aggregate. Moreover, Plaintiffs have established that the

22   lost time (and money) is substantial in the aggregate. (OUMF # 28-31).

23    Finally, to the extend TWEAP argues that the "Rounded" times are also *de minimis* is legal

24   error:

25    A recent Central District of California case found no authority supporting the
      application of the *de minimis* exception "when time is rounded away due to a
26    rounding policy, particularly when employees record their exact time and it is
      that precise time that is then made imprecise through rounding." *Eddings v.*
27    *Health Net, Inc.*, (C.D. Cal 2012) 2012 WL 994617, at *5. "The *de minimus*
      exception is not a broad rule granting employees some number of free minutes
28    of labor per day." *Id.*

- 11 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Here, all of the time at issue is ascertainable from TWEAP's own <u>verified</u> records. (OUMF # 49). Therefore any *de minimis* defense, if considered by the Court, would fail.

## C.   THE MOTION FAILS, AS TWEAP's OWN *VERIFIED* RECORDS SHOW PLAINTIFFS WERE WORKING BUT WERE NOT COMPENSATED

TWEAP, somewhat confusingly, argues that "Rounding" is not part of the case but, if it is, it is an applicable defense. As set forth above, Plaintiffs' did not introduce "Rounding" into the case, because it is not part of its Case-in-Chief. As set forth below, even if considered, a "Rounding" defense would fail, as neither Plaintiff was "fully compensated" for "all the time they have actually worked" as required by the federal "Rounding" regulation 29 CFR 785.48.

Plaintiff asserts that TWEAP damaged the plaintiffs and potential class members through their:

> "practice of failing to pay employees for all hours worked, including overtime compensation, failing to properly calculate and pay overtime compensation that was recorded....."

(OUMF # 4).

More specifically, the First Amended Complaint demonstrates that the crux of Plaintiff's claim is not "Rounding" but that:

> "TIME WARNER failed to provide all wages due and owing to Plaintiffs and all other class members in a compliant manner, due to Defendant's uniform compensation policy, in violation of California Labor Code section 204(a)."

(OUMF # 5).

TWEAP's "Rounding" Affirmative Defense provides as follows:

> "To the extent that Plaintiffs' claim alleged unpaid time based on Defendant's rounding policy, such claims fail as a matter of law because rounding employees' time to the nearest quarter-hours lawful under the FLSA and California law. *See* 29 C.F.R. § 785.48(b); DLSE Enforc. Policies and Interp. Manual, §§ 47.1 and 47.2 (stating that DLSE follows federal regulation permitting rounding to nearest quarter hour)."

(OUMF # 46).

The federal "Rounding" regulation, 29 CFR 785.48(b), provides in pertinent part as follows:

> "It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are **fully compensated** for all the time they actually work. For enforcement purposes *this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."*

- 12 -

In applying the above law to the instant facts, the following is established:

TWEAP *admits* that, at times, Plaintiffs were not properly compensated. (See Defendant's Separate Statement # 26-27 and Plaintiffs' Response thereto.) Plaintiffs' also prove as such. (OUMF # 19-21). Moreover, Plaintiff's expert confirms that both Plaintiffs' incurred a substantial loss of compensable time as a result of TWEAP's Compensation policies. (OUMF # 24-27).

Separately, Plaintiffs' independent analysis establishes that neither Plaintiff was "fully compensated" over their term of employ.

Adding the lost regular time pay with the lost overtime pay, Mr. CORBIN lost a total of $811.04 in compensation. (OUMF # 28,29).

Adding the lost regular time pay with the lost overtime pay, Mr. WAINE-GOLSTON lost a total of $34.06 in compensation. (OUMF # 30,31).

To confirm, TWEAP admits Plaintiffs' were not, at times, properly compensated. Plaintiffs' establish that - over the length of both Plaintiffs' employment - both Plaintiffs' were not "fully compensated," as **required** by the federal Rounding regulation TWEAP asserts is relevant (29 CFR 785.48). For these reasons alone, the Motion fails, and must be denied.

**D.    THE CALIFORNIA APPELLATE COURT HAS RECENTLY *REJECTED* TWEAP'S ARGUMENT THAT SUMMARY JUDGEMENT IS PROPER**

Even if the Court is inclined to consider the effect of TWEAP's "Rounding" Affirmative Defense, the defense would still fail, as it is undisputed that Plaintiff's were **not** "fully compensated" for all the time they actually worked, in violation of the "Rounding" regulation itself. **Please Note:** This portion of the case is based in California law, as the class is compromised of California employees only.

Importantly, the California Appellate Court has recently addressed - as part of larger claims - TWEAP's assertions within this Motion. *See's Candy Shops, Inc. v. Superior Court*, (2012) 10 Cal.App.4th 889, 148 Cal.Rptr.3d 690. **Please Note:** Plaintiffs' counsel in the *See's* matter is the Plaintiffs' counsel in the instant matter. (OUMF # 50).

In the *See's* case, Plaintiff SILVA pleaded very similar allegations, that "class members were deprived of proper and complete compensation, including overtime compensation" (OUMF # 51). Like

- 13 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    the pleadings here, the See's pleadings made no reference to the term "Rounding." (OUMF #52).

2          Plaintiff brought a Motion for Class Certification on the "failure to pay all wages due" claim.

3    The Court **granted** the motion and certified a class of all employees who lost compensation when the

4    clocked in and out as a result of *SEE's* timekeeping system. (OUMF # 53).

5          Plaintiff thereafter brought a Motion for Summary Adjudication as to certain Affirmative

6    Defenses regarding the *De Minimis* Doctrine and Rounding. (OUMF # 54). Following several tentative

7    rulings, the Trial Court **granted** the Summary Adjudication Motion. (OUMF # 55).

8          Defendant filed a Writ of Mandate as to  the ruling as to the "Rounding" affirmative defenses

9    only. (OUMF # 56). Defendant did not contest the ruling which held *De Minimis* did not apply as a

10   matter of law. (OUMF # 57).

11         On appeal, the *SEE's* Court held, in part, that a Rounding policy is only proper **if**:

12       "it was used in a manner that did not result over a period of time in the failure
     to compensate employees for **all** the time they actually worked. (See 29 C.F.R.

13   785.48(b)." *See's*, 148 Cal.Rptr.3d at 705. (Emphasis added).

14         The SEE's Court also clarified that Plaintiffs' predicate theories were correct, however the

15   analysis of the losses was necessarily a factually intensive inquiry:

16       "**We agree** that California's overtime rules may mean that under a nearest-tenth
     rounding policy, an employee will not be fully compensated for the premium

17   time if an employee works more than eight hours in one day. **However, the
     issue whether this will result in undercompensation *over time* is a factual**

18   **one**." *See's*, 148 Cal.Rptr.3d at 708 (emphasis in original).

19         Further, the *SEE's* Court held that, to wit, their opinion

20       "leaves open the issue of whether the parties will prevail in proving their
     various claims and defenses" at trial related to an employer's Rounding

21   affirmative defense. *See's*, 148 Cal.Rptr.3d at 692.

22         Importantly, the *See's* decision was limited to the following:

23       "the employer here is **not asking the court to find its policy lawful as a
     matter of law; instead it is merely opposing plaintiff's motion for summary**

24   **adjudication and asking the court to permit it to litigate its affirmative
     defenses at trial**."

25   *See's*, 148 Cal.Rptr.3d at 709. (emphasis added).

26         In *See's*, the trial Court had already granted certification as to Plaintiffs' claim. (OUMF # 53).

27   Moreover, in *See's* Plaintiff was challenging a "Rounding" ***Affirmative Defense***. *See's*, 148

28   Cal.Rptr.3d at 692. The Court's ruling confirms that whether a Rounding Policy is neutral or not is a

- 14 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

factually intensive inquiry, making summary judgment inappropriate. *See's*, 148 Cal.Rptr.3d at 705

(Noting the fact that certain employee's lost time and other's gained time as a result of the policy

created a triable issue.)

Other Federal Court's have held consistently with *See's*. In *Eddings v. Health Net, Inc.* (C.D.

Cal. 2012) 2012 WL 994617, the Court analyzed a "Rounding Policy." Plaintiffs expert found the

policies caused losses. Defendant provided statistics showing a net gain. Therefore the Court held:

> These differing conclusions "create[d] a genuine issue of material fact as to whether the policy
> as communicated to workers 'consistently resulted in a failure to pay employees for time
> worked.'"
>
> *Eddings v. Health Net, Inc.* (C.D. Cal. 2012) 2012 WL 994617, at 4.

The *See's* decision, and other controlling case law  instructs that TWEAP may only preserve

these factually intensive **affirmative defenses** *for trial*.

**E.     TRIABLE ISSUES EXIST AS TO EVERY MAJOR AND "DERIVATIVE" CLAIM**

To confirm, TWEAP's Motion primarily attacks "Failure to fully Compensate" and

"Calculation of Regular Rate of Pay" claims, asserting the remaining claims are "derivative," and must

fail. As set forth below, triable issues abound as to the represented "primary" claims. Thus, and

following TWEAP's own logic, triable issues exists as to all claims, including those TWEAP deems

derivative.

> **i.       The "Computerized Records Issue" - (TWEAP's 'off the clock')**

TWEAP argues that its' self-described "off-the-clock" issue is subject to adjudication, as it is

*De Minimis*. This is an error.

Succinctly, triable issues exist based <u>solely</u> upon the documents TWEAP has produced and

<u>verified</u> by TWEAP itself. (See Defendant's SUF # 27 and OUMF # 19-22). These examples evidence

both the fact that a violation occurred and ***the amount of uncompensated time at issue***.  Thus,

Plaintiffs have not asserted an "off-the-clock" claim and can easily establish liability by and through

TWEAP's own verified time entries <u>alone</u>.  Therefore, triable issues of fact exist with respect to

Plaintiffs' "Computer Log" claim.

> **ii.      The "Failure to Pay Compensation Due" Claim - (TWEAP's "Rounding" Issue)**

As set forth above, TWEAP commits a set of material errors when attempting to prove that its

"Rounding" Affirmative Defense is neutral and/or legal.

First, the federal "Rounding" regulation (29 CFR 785.48) specifically provides that an employee must be "fully compensated" for "all the time they have actually worked." TWEAP provides no such analysis in its Motion. Further, Plaintiffs' establish that they were not "fully compensated" during these times. Please see immediately below.

Second, TWEAP makes no distinction between "Regular" work-time and "Overtime" work-time when arguing that the Plaintiffs actually "gained" time on select occasions. Notably, TWEAP's own proffered exhibit contains an error in this regard. Within a pay-period in which TWEAP argues that Mr. WAINE-GOLSTON "gained" time, he actually lost money, as TWEAP failed to calculate the lost Overtime, in comparison to the gained Regular time. (OUMF # 23).

To summarize, triable issues exist, as Plaintiffs have established that they lost compensation - both overall and as to the majority of their pay-periods - due to TWEAP's standard policies. For example, **Exhibits A - H** evidence losses from anywhere between $4 and $15 per pay period due to TWEAP's compensation policy. (OUMF# 11-18). Additionally, an independent expert analysis shows that Mr. Corbin lost time in 77 out of 102 pay periods worked during the limitations period. (OUMF # 24, 25) This analysis also shows that Mr. Waine-Golston lost time in 16 of 23 periods worked during the limitations period. (OUMF# 26, 27). Thus, triable issues exist with respect to Plaintiffs' "failure to pay compensation due" claim.

### iii.   Regular Rate of Pay

TWEAP asserts that the Regular Rate of pay was correctly calculated even though it failed to calculate the birthday bonuses and discounted cable services. This is error.

29 U.S.C. Chapter 8, section 207(e) provides that the Regular Rate of Pay includes all remuneration for employment paid to, or on behalf of, an employee.

Importantly, Defendant – *not* Plaintiff – has the burden to prove that employee bonuses and discounts should not be included in the Regular Rate of Pay calculation. *Adoma v. University of Phoenix, Inc.*, 779 F.Supp.2d 1126, 1132 (E.D. Cal. 2011). Additionally, any such "[e]xemptions are **narrowly** construed." *Id.* at 1133. (Emphasis added).

///

- 16 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1       The Northern District has recently confirmed that under both the FLSA and California law

2   "non-discretionary bonuses" are to be included in the regular rate of pay. *Provine v. Office Depot, Inc.*

3   (N.D. Cal. 2012) 2012 WL 2711085 *3.

4       TWEAP admits that it provided a birthday bonus and discounted cable services to its

5   employees. TWEAP admits these are not calculated for purposes of the regular rate of pay. (SUF's

6   # 56-58). The birthday bonuses are documented on employee's wage statements. (OUMF # 58)

7       TWEAP fails to present any evidence that a specific exemption applies to these discounts, and

8   TWEAP instead improperly attempts to shift this burden to Plaintiff. Moreover, no matter how

9   TWEAP attempts to spin it, the very nature of a yearly birthday bonus as well as a discount offered

10   to all employees, makes them non-discretionary. (OUMF # 59). Thus, Defendant's argument fails and

11   a triable issue of fact remains as to whether these bonuses and discounts should have been included

12   in a calculation of the Plaintiffs' regular rates of pay.

13       **Please note:** aside from the failure to include the value of these employee benefits, there are

14   verified documents where TWEAP failed to correctly calculate the regular rate of pay, by paying Mr.

15   Corbin less than 1.5 times his regular rate for overtime work, in direct violation of Labor Code section

16   510. (OUMF # 60). This alone also creates a triable issue as to Plaintiffs' regular rate of pay claim.

17      **iv.**   **Itemized Wage Statements / Inaccurate Records**

18       As Plaintiffs must resort to mathematical calculations to determine the accuracy of their

19   itemized wage statements, they have established injuries under Labor Code section 226(e). *Elliot v.*

20   *Spherion Pacific Work, LLC*, 572 F.Supp.2d 1169, 1181 (C.D. Cal. 2008), affirmed on other grounds,

21   (9th Cir. 2010) 368 Fed.Appx. 761.

22       Courts have held that "forcing employees to make **mathematical computations** to analyze

23   whether the wages paid in fact compensated them for all hours worked" constitutes an injury under

24   Labor Code section 226(e). *Elliot*, 572 F.Supp.2d at 1181; *see also Jaimez v. DAIOHS USA, Inc.*

25   (2010) 181 Cal.App.4th 1286, 1306 (noting that, to meet section 226(e)'s injury requirement, "a very

26   modest showing will suffice" and that the "lawsuit, and the difficulty and expense [plaintiff has]

27   encountered in attempting to reconstruct time and pay records," constituted "further evidence of the

28   injury.")

11-cv-01057-GPC-RBB

1   Moreover, the California Legislature has recently amended section 226(e) to clarify that an

2 employee is deemed to suffer injury under section 226 if "the employee **cannot promptly and easily**

3 **determine *from the wage statement alone* the amount of the gross or net wages paid to the**

4 **employee** during the pay period." 2012 Cal. Legis. Serv. Ch. 843 (S.B. 1255) (WEST).

5   Here, TWEAP's compensation policy makes it impossible for employees to determine whether

6 information in their wage statements is accurate. (OUMF# 61). Therefore, Plaintiffs must resort to

7 mathematical calculations to analyze whether the wages paid in fact compensate them for all hours

8 worked. (OUMF# 61). Moreover, the fact of this lawsuit and the difficulty and expense Plaintiffs have

9 encountered in attempting to determine their actual wages earned is further evidence of injury. Thus,

10 Plaintiffs have met the modest showing required to establish injury under section 226(e).

11   **v.**  **Labor Code Section 203 Claims**

12   Established above, TWEAP's unlawful compensation and computer log policies caused losses

13 to employees. (OUMF# 11-21, 24-31). As acknowledged by TWEAP, Plaintiffs' "waiting time

14 penalties" claim under Labor Code section 203 is derivative of these compensation and computer log

15 claims. (Doc.# 81-1, page 15, lines 5-9). It is undisputed that both plaintiffs are ex-employees

16 (Defendant's SUF # 2,4)

17   Therefore, as triable issues of fact exist with respect to the compensation and computer log

18 claims  (OUMF# 11-21, 24-31), triable issues must necessarily exist with respect to Plaintiffs'

19 "waiting time penalties" claim.

20 **F.**  **TWEAP's ANTICIPATED OBJECTIONS AS TO PLAINTIFFS' EXPERT FAIL**

21   TWEAP has indicated that it will object and move to exclude Plaintiffs' introduction of expert

22 testimony. (OUMF # 62). This is an improper attempt to divert the Court's attention from the fact that

23 TWEAP failed to timely designate an expert of its own. Moreover, Plaintiffs' have independently

24 confirmed that the expert analysis, finding that both class members lost compensable time and wages,

25 was correct.  (OUMF # 28-31).

26   IF TWEAP did object to anything within Plaintiffs' expert disclosure and report, the proper

27 procedure was to file a motion to compel a further response as a Court will not exclude an expert's

28 testimony because of an insufficient report unless the attorney promptly moved for more adequate

- 18 -

1    disclosures. *Harvey v. District of Columbia* (D DC 1996) 949 F.Supp. 874, 877.

2         Moreover, any perceived deficiencies in the report may be remedied when the expert's

3    deposition is taken, mitigating any harm resulting from the deficient report. *Iacangelo v. Georgetown*

4    *Univ.* (D DC 2011) 272 FRD 233, 234; *see also Hewitt v. Liberty Mut. Group, Inc.* (MD FL 2010) 268

5    FRD 681, 684 (expert witness excluded because disclosure occurred after discovery cutoff.)

6         The purpose of an expert report is "the elimination of unfair surprise to the opposing party and

7    the conservation of resources." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, (8th Cir.1995) 47 F.3d

8    277, 284.

9         Plaintiffs' expert reports clearly outline that the experts will be analyzing lost earnings, which

10   can be derived from Defendant's ***time records and wage statements*** during the limitations period.

11   (OUMF # 63). Therefore, TWEAP was on notice of the testimony, evidence, and exhibits the experts

12   will be analyzing. Moreover, TWEAP failed to notice Plaintiffs' experts' deposition, which could have

13   further mitigated any perceived prejudice on behalf of TWEAP.

14        Therefore, by failing to object and failing to earlier move to compel a more detailed report,

15   TWEAP has waived its right to subsequently challenge Plaintiffs' expert testimony.

16                              **V. CONCLUSION**

17        In light of the foregoing, Plaintiff respectfully requests this Court deny Defendant's Motion

18   for Summary Judgment.

19

20   Dated: November 30, 2012            **SULLIVAN LAW GROUP, LLP**

21

22                                       /s/ Eric K. Yaeckel
                                         William B. Sullivan,
23                                       Eric K. Yaeckel,
                                         Yaeckel@sullivanlawgroupllp.com
24                                       Attorneys for Plaintiffs KEVIN WAINE-
                                         GOLSTON and ANDRE CORBIN, individually
25                                       and on behalf of other members of the general
                                         public similarly situated as aggrieved employees
26                                       pursuant to the California Private Attorneys
                                         General Act of 2004
27

28

                              - 19 -              11-cv- 01057-GPC-RBB