# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WAINE-GOLSTON and ANDRE CORBIN, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIME WARNER ENTERTAINMENT-ADVANCE/NEW HOUSE PARTNERSHIP, a New York general partnership and DOES 1 through 10, inclusive,,<br><br>Defendants. | CASE NO. 11cv1057-GPB(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* REQUEST TO STAY ENFORCEMENT OF DEFENDANT'S BILL OF COSTS PENDING APPEAL**<br><br>[Dkt. No. 115.] |

Before the Court is Plaintiff's *ex parte* request to stay enforcement of Defendant's bill of costs pending appeal. (Dkt. No. 115.) On March 27, 2013, the Court granted Defendant's motion for summary judgment. (Dkt. No. 105.) On April 10, 2013, Defendant filed a bill of costs in the amount of $3,218.05[1] with a hearing set for May 1, 2013. (Dkt. No. 107.) On April 16, 2013, Plaintiffs filed a notice of appeal to the Ninth Circuit. (Dkt. No. 109.) On April 30, 2013, the bill of costs hearing was

---

[1] The original bill of costs sought costs in the amount of $4,863.14; however, it was revised to total $3,218.05 after excluding costs of "expedited" and "daily" deposition transcripts.

continued to May 15, 2013. (Dk.t No. 114.) On the same day, Plaintiffs filed an *ex parte* motion to stay enforcement[2] of Defendant's bill of costs pending appeal. (Dkt. No. 115.) On May 3, 2013, Defendant filed an opposition. (Dkt. No. 117.) Based on the reasoning below, the Court GRANTS in part and DENIES in part Plaintiffs' *ex parte* motion to stay enforcement of Defendant's bill of costs.

## Discussion

Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Civil Local Rule 54.1(g)(5) provides that "[e]xcept as otherwise provided by law, costs will be taxed on the date set notwithstanding the fact that an appeal may have been filed." Civ. Local R. 54.1(g)(5).

In assessing whether to issue a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The court's authority to issue a stay is generally conditioned upon approval of a bond. Vacation Village, Inc. v. Clark Cnty., 497 F.3d 902, 913 (9th Cir. 2007) ("Federal Rule of Civil Procedure 62(d) . . . requires only that the appellant post a supersedeas bond in order to obtain a stay on appeal.") Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the

---

[2] As Defendants point out, it is not clear whether Plaintiffs are seeking a stay of the ruling on Defendant's bill of costs or a stay on the enforcement of costs. The Court addresses both arguments.

order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

A party is entitled to a waiver of a bond and a discretionary stay in "extraordinary cases." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). A district court may either waive the bond requirement or allow the judgment debtor to use some alternative type of security. Brooktree Corp. v. Advanced Micro Devices, Inc., 757 F. Supp. 1101, 1104 (S.D. Cal. 1990). A waiver of the bond requirement is appropriate under two circumstances: "where defendant's ability to pay is so plain that the cost of the bond would be a waste of money" and "where the requirement would put the defendant's other creditors in undue jeopardy." Id. at 1104 (citing Olympia Equipment v. Western Union Tele. Co., 786 F.2d 794, 796 (7th Cir. 1986)). The party seeking the waiver bears the burden showing the relief from the bond requirement is justified. Jardin v. DATAllegro, Inc., 08cv1462-IEG(WVG), 2011 WL 4835742, at *10 (S.D. Cal. Oct. 12, 2011).

While Plaintiffs cite cases that the district court has discretion to issue a stay without the posting of a bond, they fail to address whether they meet the factors to warrant a waiver of the bond requirement. Accordingly, having failed to demonstrate that a waiver is justified, Plaintiffs are not entitled to a waiver of a bond if a stay is granted.

As to the merits of the stay of enforcement, Plaintiffs argue that there is a strong possibility that they will succeed on the merits of their appeal. They also contend that they will be irreparably harmed as they are currently unemployed.[3] Plaintiffs further assert that Defendant will not be harmed by a stay as it only needs to wait six months when the appellate briefings are due to collect costs. Lastly, they contend that the public interest favors the use of class action lawsuits.

---

[3] In a declaration, Plaintiff's counsel also asserts that from his experience it is harder for many current and former employees to find employment after serving as a named class representative. This statement is not helpful as it is not clear whether Plaintiffs are having difficulty obtaining employment because they are named plaintiffs in a class action case.

     Defendant opposes arguing that a stay is not warranted because Plaintiffs are not likely to succeed on the merits.  They also argue that Plaintiffs will not be irreparably harmed absent a stay because besides the fact they are currently unemployed, they have not shown they are unable to pay costs of $3,218.05 between the two of them, or provide any documentation to such effect.  There is also no public interest in class action cases because, in this case, the Court denied class certification and granted Defendant's motion to summary judgment.

     The Court finds that the most relevant factor whether to issue a stay is whether Plaintiffs have made a strong showing that they are likely to succeed on the merits.  While Plaintiffs have not demonstrated they are likely to succeed on the merits, the Court acknowledges that the legal issue on appeal is disputed by the parties and there is no binding precedent.  Since the issue on appeal is disputed, a reversal on appeal may reverse the "prevailing party."  See Jardin v. DATAllegro, Inc., 08cv1462-IEG(WVG), 2011 WL 4835742, at *10 (S.D. Cal. 2011).  Moreover, the Court sees no harm to Defendant, a large business, in holding off to collect $3,218.05.  Accordingly, the Court exercises its discretion and stays the execution of the bill of costs taxed by the Clerk of Court.  The parties have not directly addressed and the Court sees no reason to stay a ruling on Defendant's bill of costs.

### Conclusion

     Based on the above, the Court DENIES Plaintiffs' motion to stay a ruling on Defendant's bill of costs.  The bill of costs hearing shall proceed on May 15, 2013.  Once the Clerk of Court has taxed costs, the Court GRANTS Plaintiffs' motion to stay execution of the bill of costs conditioned upon Plaintiffs posting a supersedeas bond for the full amount of costs taxed by the Clerk of Court.  Plaintiff shall post a supersedeas bond within 14 days of the date that the bill of costs are taxed.  Once a bond has been posted, a stay shall remain in effect until the appeal before the Ninth Circuit, No. 13-55622 is fully resolved.  If no bond is posted, there shall be no stay of enforcement and the bill of costs taxed by the Clerk of Court shall be subject to

enforcement.

    IT IS SO ORDERED.

DATED:  May 7, 2013

                                      HON. GONZALO P. CURIEL
                                      United States District Judge