1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  KEVIN WAINE-GOLSTON and            CASE NO. 11cv1057-GPC(RBB)
    ANDRE CORBIN, individually and on
12  behalf of other members of the general
    public similarly situated,
13                                      **ORDER GRANTING**
                            Plaintiffs,  **DEFENDANT'S MOTION TO**
14      vs.                              **ENFORCE EXECUTION OF**
                                         **BILL OF COSTS**
15
                                        [Dkt. No. 123.]
16  TIME WARNER
    ENTERTAINMENT-
17  ADVANCE/NEW HOUSE
    PARTNERSHIP, a New York general
18  partnership and DOES 1 through 10,
    inclusive,,
19
                            Defendants.
20

21          Before the Court is Defendant's motion to enforce execution of bill of costs.

22  (Dkt. No. 123.)  Plaintiffs filed an opposition on August 2, 2013. (Dkt. No. 125.)

23  Defendant filed a reply on August 16, 2013.  (Dkt. No. 126.)  Based on the reasoning

24  below, the Court GRANTS Defendant's motion to enforce execution of bill of costs.

25                              **Background**

26          On March 27, 2013, the Court granted Defendant's motion for summary

27  judgment. (Dkt. No. 105.)  Subsequently, on April 4, 2013, Defendant filed its bill of

28  costs. (Dkt. No. 107.)  On April 16, 2013, Plaintiffs filed a notice of appeal.  (Dkt. No.

109.)  On April 30, 2013, Plaintiffs filed an *ex parte* motion to stay enforcement of Defendant's bill of costs pending appeal. (Dkt. No. 115.) On May 7, 2013, the Court granted in part and denied in part Plaintiffs' *ex parte* request.  Specifically, the Court denied Plaintiffs' request to stay a ruling on Defendant's bill of costs but granted their request "to stay execution of the bill of costs conditioned upon Plaintiffs posting a supersedeas bond for the full amount of costs taxed by the Clerk of Court." (Dkt. No. 118 at 4.) Pursuant to the Court's order, Plaintiffs were required to "post a supersedeas bond within 14 days of the date that the bill of costs are taxed," and "[i]f no bond is posted, there shall be no stay of enforcement and the bill of costs taxed by the Clerk of Court shall be subject to enforcement." (Id. at 4-5.)  On May 24, 2013, the Clerk of Court issued an Order Taxing Costs and awarded Defendants costs in the amount of $3,039.30. (Dkt. No. 122.)

On June 26, 2013, defense counsel sent an email to Plaintiffs' counsel reminding him that Plaintiffs had been required to post a supersedeas bond in the amount of $3,039.30 on or before June 7, 2013. (Dkt. No. 123-2, Sankey Decl. ¶ 4.)  She also stated that if Plaintiffs did not post a bond by June 28, 2013, Defendant would move for full execution of the judgment.  (Id., Ex. 1.)  Plaintiffs' counsel responded a few hours later informing that Plaintiffs would "promptly attend to the costs matter." (Id., Ex. 2.)  Since, then, Plaintiffs have not posted bond or otherwise contacted Defendant about their failure to do so. (Id. ¶ 6.)  Thus, on July 9, 2013, Defendant filed a motion to enforce execution of bill of costs.

### Discussion

Defendant seeks the Court to enforce execution of bill of costs for Plaintiffs' failure to comply with the Court's order to post a supersedeas bond within 14 days of date that the bill of costs were taxed.  In opposition, Plaintiffs request that the Court exercise its discretion and decline to enforce the bill of costs on the grounds that Plaintiffs have limited resources and enforcing the bill of costs may render them indigent.  The issue is whether the Court should enforce execution of the bill of costs

[11cv1057-GPC(RBB)]

1  for Plaintiffs' failure to comply with the Court's order requiring them to file a

2  supersedeas bond in order to stay execution of the bill of costs.

3  　　　Federal Rule of Civil Procedure ("Rule") 62 allows a party to stay execution of

4  a judgment while a case is on appeal by posting a supersedeas bond.  See Fed. R. Civ.

5  P. 62(d).  A full bond generally is required under Rule 62(d) because the purpose of the

6  bond "is to secure the appellees from a loss resulting from the stay of execution."

7  Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n. 1 (9th Cir.1987).  A party is

8  entitled to a waiver of a bond and a discretionary stay in "extraordinary cases."  Poplar

9  Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91

10  (5th Cir. 1979).   A district court may either waive the bond requirement or allow the

11  judgment debtor to use some alternative type of security.  Brooktree Corp. v. Advanced

12  Micro Devices, Inc., 757 F. Supp. 1101, 1104 (S.D. Cal. 1990). The party seeking the

13  waiver bears the burden showing the relief from the bond requirement is justified.

14  Jardin v. DATAllegro, Inc., 08cv1462-IEG(WVG), 2011 WL 4835742, at *10 (S.D.

15  Cal. Oct. 12, 2011).

16  　　　A bond may not be necessary "(i) when the judgment debtor can currently easily

17  meet the judgment and demonstrates that it will maintain the same level of solvency

18  during appeal, [or] (ii) when 'the judgment debtor's present financial condition is such

19  that the posting of a full bond would impose an undue financial burden.'"  Alexander

20  v. Chesapeake, Potomac and Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va.

21  1999) (citing Poplar Grove, 600 F.2d at 1191). Where the "'judgment debtor's present

22  financial condition is such that the posting of a full bond would impose an undue

23  financial burden, the court . . . is free to exercise its discretion to fashion some other

24  arrangement for substitute security through an appropriate restraint on the judgment

25  debtor's financial dealings, which would equal protection to the judgment creditor.'"

26  In re Wymer, 5 B.R. 802, 806 (B.A.P. 9th Cir.1980) (citing Poplar Grove Planting., 600

27  F.2d 1191); see also Sibia Neurosciences, Inc. v. Cadus Pharm. Corp., 96-1231-

28  IEG(POR), 1999 WL 33554683, at *4 (S.D. Cal. 1999) ("court has discretion to allow

[11cv1057-GPC(RBB)]

other forms of judgment guarantee"); <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358, 1367 (9th Cir. 1991) ("[W]e have held that the district court may permit security other than a bond."). Plaintiffs bear the burden of formulating an alternative plan and the court will not imagine one of its own. <u>See id.</u> at 807; <u>Bolt v. Merrimack Pharms, Inc.</u>, No. S-04-893-WBS DAD, 2005 WL 2298423, at *4 (E.D. Cal. Sept. 20, 2005).

In the opposition, Plaintiff Waine-Golston states that he is unemployed and searching for employment. (Dkt. No. 125-1, Waine-Golston Decl. ¶ 3.) His disability benefits were discontinued which was his only source of income. (<u>Id.</u> ¶ 4.) Since he has no source of income, he is having a hard time covering his basic costs of living and does not have enough to pay all or half of the bill of costs totaling $3,039.30. (<u>Id.</u> ¶ 5.) Plaintiff Corbin states that he found some work since working at Time Warner but has been through some periods of unemployment. (Dkt. No. 125-2, Corbin Decl. ¶ 3.) He does not have a full time job but is currently working as a "temp" on a contract basis. (<u>Id.</u>) Since he only makes a modest income from his temp job, he has a hard time covering basic costs of living and does not have enough money to pay all or even half of the bill of costs totaling $3.039.30. (<u>Id.</u> ¶¶ 4, 5.)

While both Plaintiffs' declarations assert that they are unable to pay all or even half of the $3,039.30, they have not stated whether they can afford a supersedeas bond in the amount of $3,039.30. <u>See</u> <u>Poplar Grove</u>, 600 F.2d at 1191. Moreover, if they are unable to afford the cost of a bond, they have not provided alternative forms of security. Plaintiffs again have not demonstrated that they are entitled to a waiver of a bond.[1] Furthermore, the Court has concerns about Plaintiffs' failure to comply with the Court's order. Subsequent to the Court's order granting in part and denying in part Plaintiffs' *ex parte* motion, Plaintiffs sought no further relief from the Court. Instead they waited until Defendants filed a motion to enforce execution of bill of costs to file their response. Based on these reasons, the Court grants Defendant's motion to enforce

---

[1]In Plaintiffs' prior *ex parte* motion to stay enforcement of Defendant's bill of costs, the Court concluded that Plaintiffs did not demonstrate they were entitled to a waiver of a bond. (Dkt. No. 118 at 3.)

[11cv1057-GPC(RBB)]

1   execution of bill of costs.

2                                   **Conclusion**

3           Based on the above, the Court GRANTS Defendant's motion to enforce

4   execution of bill of costs.  Since no bond has been posted, no stay of enforcement has

5   been issued and the Order Taxing Costs is subject to enforcement.[2]  Defendant must

6   comply with the procedures in the Civil Local Rules to enforce the Order Taxing Costs.

7           IT IS SO ORDERED.

8

9   DATED:  September 18, 2013

10

11                                          HON. GONZALO P. CURIEL
                                            United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [2]On May 7, 2013, the Court ordered that "Plaintiff shall post a supersedeas bond
    within 14 days of the date that the bill of costs are taxed.  Once a bond has been posted,
27  a stay shall remain in effect until the appeal before the Ninth Circuit, No. 13-55622 is
    fully resolved.  If no bond is posted, there shall be no stay of enforcement and the bill
28  of costs taxed by the Clerk of Court shall be subject to enforcement."  (Dkt. No. 118
    at 4.)

[11cv1057-GPC(RBB)]